**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Carlos Calderas, | * | |
| On behalf of himself and those | * | |
| similarly situated, | | Case No. 3:19-cv-2431 |
| | * | |
| Plaintiff, | | Judge |
| | * | |
| v. | | Magistrate Judge |
| | * | |
| AK Tube, LLC | | **JURY DEMAND ENDORSED HEREON** |
| c/o Corporation Service Company | * | |
| 50 West Broad Street, Suite 1330 | | |
| Columbus, Ohio 43215 | * | |
| | * | |
| Defendant. | * | |

<u>**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**</u>

Now comes Plaintiff Carlos Calderas ("Calderas" or "Plaintiff" or "Named Plaintiff"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for his Complaint against AK Tube, LLC ("AK Tube" or "Defendant") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.03 and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) while the Ohio Acts claims are asserted as a class action under Rule 23. The following collective and class action allegations are based on personal knowledge as to the Named Plaintiff's own conduct and Defendant's own business records, and they are made on

information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to their claims occurred in the Northern District of Ohio, and Defendant has its principal place of business or it otherwise conducted substantial business in the Northern District of Ohio.

## II. PARTIES AND COLLECTIVE AND CLASS ACTION STATEMENT OF FACTS

### A. Named Plaintiff Calderas

4.      Named Plaintiff is an individual, United States citizen, and resident of Monroe, Michigan, but at all times relevant he worked for Defendant, which is in this judicial district.

5.      Named Plaintiff worked in the position of mill operator, which is an hourly, non-exempt position. During all times relevant, Named Plaintiff was an "employee" of Defendant as defined in the FLSA and the Ohio Acts.

6.      Calderas worked as a mill operator beginning in approximately 2011 until October 16, 2019.

7.     Named Plaintiff brings this action on behalf of himself and on behalf of those similarly situated and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent form is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b) (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

### B.  Defendant AK Tube

8.     Defendant is a foreign, for-profit corporation with its principal place of business located at 30400 East Broadway, Walbridge, Ohio 43465, but its Ohio statutory agent address for service of process is located at 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

9.     Defendant manufacturers carbon and stainless electric resistant welded tubular steel products and serves the trucking and automotive markets. Defendant employs hundreds of similarly situated employees as Plaintiff and operates out of at least two facilities located in Walbridge, Ohio and Columbus, Indiana.

10.     Defendant is and has been doing business in this judicial district.

11.     At all times relevant, Defendant has been an "employer" as that term is defined by the FLSA and the Ohio Acts.

12.     During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

13.     During relevant times, Defendant has benefitted from the work performed by Named Plaintiff and those similarly situated.

14.     Upon information and belief, Defendant operates/operated and controls an enterprise and employs employees engaged in commerce or in the production of goods for

commerce, or it has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

**C. Unpaid Overtime Allegations**

15.     During his employment with Defendant, Named Plaintiff was not fully and properly paid in accordance with the minimum requirements of the FLSA for all of his compensable hours worked for two primary reasons.

1.   Failure to Pay Overtime at the Correct Regular Rate of Pay

16.     First, Defendant did not properly calculate overtime based on its ***regular rate of pay***, as defined by the FLSA, but instead calculated overtime based on its hourly rate of pay, resulting in unpaid overtime wages for the three years preceding the filing date of this Complaint and continuing until trial (three years preceding this filing date hereinafter "Relevant Time Period").

17.     During his employment with Defendant, Named Plaintiff and other similarly situated employees were not fully and properly paid for all of their compensable hours worked because Defendant did not properly calculate their regular rates of pay for the purposes of meeting the minimum requirements set forth in the FLSA, which resulted in unpaid overtime wages.

18.     Defendant pays Named Plaintiff and hundreds of other similarly situated employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

19.     In addition to the Base Hourly Wage, Defendant pays its employees with additional forms of remuneration that should have been included in the calculation of employees' regular rates of pay for overtime compensation, including, but not limited to, (1) shift premiums and (2)

non-discretionary "Attendance Bonuses" and "Safety Bonuses" as an incentive to encourage Plaintiff and similarly situated workers to work more steadily, rapidly, efficiently, and/or to encourage its workers to remain with the company given its importance to the overall operation of Defendant (collectively hereinafter "Additional Remuneration").  *See* 29 C.F.R §§ 778.207(b), 778.211(c).

20.     During the last three years preceding the filing of this Complaint, Named Plaintiff and other similarly situated employees regularly received their Base Hourly Wage and Additional Remuneration as described above in various workweeks.

21.     When Defendant paid Named Plaintiff and other similarly situated employees both their Base Hourly Wage and Additional Remuneration, Defendant failed to properly calculate its employees' regular rate of pay during workweeks when they worked over 40 hours in one or more workweek(s) for the purposes of overtime pay because Defendant did not include the Additional Remuneration in its regular rate calculations for overtime wages. Consequently, Defendant failed to properly compensate Named Plaintiff and other similarly situated employees the overtime wages they were due in accordance with the minimum requirements of the FLSA.

22.     Instead, Defendant paid Named Plaintiff and other similarly situated employees overtime compensation at one-and-one-half times their **Base Hourly Wage** and not one-and-one-half times their ***regular rate of pay*** as that phrase is defined under the FLSA. *See* 29 U.S.C. § 207(e).

23.     In 2017, for example, Defendant's own business records reflect that during the workweek of February 6, 2017 through February 12, 2017, Plaintiff worked 44 hours. He was compensated at a rate of $17.80 per hour for the first 40 hours and $26.70 per hour for the 4 hours of overtime recorded for the workweek. However, Defendant failed to re-calculate his Shift 2 and

Shift 3 premiums into the regular rate of pay for purposes of calculating his overtime rate, resulting in unpaid overtime compensation. A true and accurate copy of this pay stub for this sample workweek is attached hereto as **Exhibit B**.

24.    In 2018, for example, Defendant's own business records reflect that during the workweek of April 9, 2018 through April 15, 2018, Plaintiff worked 48 hours. He was compensated at a rate of $18.05 per hour for the first 40 hours and $27.08 hours for the 8 hours of overtime recorded for the workweek. However, Defendant failed to re-calculate his Shift 2 premium into his regular rate of pay for purposes of calculating his overtime rate of pay, resulting in unpaid overtime compensation. A true and accurate copy of this sample workweek is attached hereto as **Exhibit C**.

> 2. <u>Unlawful Pay-to-Shift/Wage Theft Policy that steals compensable hours from its Timeclock Associates</u>

25.    Second, during all times relevant, Defendant operates two facilities with hundreds of hourly, non-exempt workers who are subject to the timekeeping system, including Plaintiff, as alleged herein.

26.    All of Defendant's hourly, non-exempt workers are subject to Defendant's timekeeping system, whereby each hourly, non-exempt worker "clocks in" at the beginning of the scheduled shift, begins working, and "clocks out" when the worker has completed the job duties for the shift.

27.    While Defendant may have various positions at either work facility, all employees are still hourly, non-exempt employees as that term is defined in the FLSA (all of Defendant's hourly, non-exempt employees collectively hereinafter "Timeclock Associates").

28.    Upon entry onto Defendant's worksite(s), Timeclock Associates clock in and record the exact time of their arrival and commencement of work for Defendant's benefits.

29.     Timeclock Associates remain on-the-clock for all times until they clock out when they are finished working for the day.

30.     During relevant times, Defendant burdened and allowed Plaintiff and those similarly situated Timeclock Associates to work more than forty (40) hours in one or more workweek(s) while not fully compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times their regular rate of pay, at a minimum, as a result of Defendant's policy or practice of paying the Timeclock Associates only for their scheduled shift rather than the actual amount of compensable time working each workweek ("Pay-to-Shift Policy" and/or "Wage Theft Policy").

31.     However, despite Defendant's timekeeping system capturing the actual time that Timeclock Associates have spent working, Defendant fails to compensate its Timeclock Associates, including Plaintiff and those similarly situated, for all such time. Instead, its Pay-to-Shift/Wage Theft Policy only pays its Timeclock Associates for their scheduled shifts rather than the actual amount of time that they are on the Defendant's premises clocked in and working.

32.     Defendant's Pay-to-Shift/Wage Theft Policy has consistently resulted in unpaid overtime wages to Plaintiff and the putative class members because it simply fails to pay its Timeclock Associates for all compensable hours worked despite being fully aware of the exact times that the Timeclock Associates clock in/out.

33.     As a result of Defendant's Pay-to-Shift/Wage Theft Policy, Timeclock Associates are only paid for fewer compensable hours than they actually work.

34.     For example, during the workweek of February 13, 2017 through February 19, 2017, Plaintiff was only paid for 40 hours even though he was on the clock working in excess of

40 hours for that workweek. Specifically, one sample workweek (among many others) reflects the following:

1.  On Monday, February 13, 2017, he clocked in, began working at 2:44 pm, and clocked out at 11:02 pm, which should be 8.3 hours.[1] However, Defendant only paid Plaintiff for 8.0 hours that day.

2.  On Tuesday, February 14, 2017, he clocked in, began working at 2:44 pm, and clocked out at 11:03 pm, which is 8.3 hours. However, Defendant only paid Plaintiff for 8.0 hours that day.

3.  On Wednesday, February 15, 2017, he clocked in, began working at 2:44 pm, and clocked out at 11:02 pm, which is 8.3 hours. However, Defendant only paid Plaintiff for 8.0 hours that day.

4.  On Thursday, February 16, 2017, he clocked in, began working at 2:43 pm, and clocked out at 11:02 pm, which is 8.3 hours. However, Defendant only paid Plaintiff for 8.0 hours that day.

5.  On Friday, February 17, 2017, he clocked in, began working at 2:43 pm, and clocked out at 11:01 pm, which is 8.3 hours. However, Defendant only paid Plaintiff for 8 hours that day. (A true and accurate copy of this sample workweek is attached hereto as **Exhibit D**. *See also* Exhibits B and C, which reveal the same unlawful pay practice.)

35.     At all times relevant, Defendant was fully aware that it had accurate clock-in/clock-out timekeeping records that captures the exact time that its Timeclock Associates are working,

---

[1] Defendant pays by full tenth-of-the-hour time periods (six-minute increments), so the amounts reflect what would constitute proper rounding to the nearest tenth of the hour.

but it still did not compensate its Timeclock Associates for the actual amount of compensable time working in one or more workweek(s) during the three years preceding the Complaint.

36.    As such, by only paying its Timeclock Associates for their scheduled shifts rather than the actual amount of time working through its Pay-to-Shift/Wage Theft Policy, Defendant knowingly failed to fully compensate Plaintiff and similarly situated Timeclock Associates for all of the time they actually worked, including overtime hours.

37.    Plaintiff and similarly situated Timeclock Associates have regularly engaged in principal activities, including tasks that are integral and indispensable to their principal activities, before their scheduled start times and/or end times, but have not been properly compensated for the work performed because of Defendant's Pay-to-Shift/Wage Theft Policy.

38.    Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

39.    During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

40.    Defendant is in possession and control of necessary documents and information from which Named Plaintiff and similarly situated employees would be able to precisely calculate damages.

41.    For the three years preceding this filing, Defendant applied the same pay practices and policies to all hourly, non-exempt employees, including Named Plaintiff.

42.    Named Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned

policies and practices of not paying employees the correct overtime rate for all hours worked over 40 in a workweek.

## III. COLLECTIVE ACTION ALLEGATIONS

### A. 216(b) Collective Action for Unpaid Overtime Wages.

43.     Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in class, consisting of:

> All current and former hourly, non-exempt employees of Defendant, whose payroll records reflect that they worked 40 or more hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "§ 216(b) Collective Class" or the "§ 216(b) Collective Class Members").

44.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

45.     In addition to the Named Plaintiff, the putative § 216(b) Collective Class Members have been denied overtime compensation due to Defendant's company-wide payroll policies and/or practices of not fully and properly compensating its employees all overtime compensation because (1) it failed to pay them at the proper overtime rate during workweeks when they worked more than forty (40) hours per workweek and they earned their Base Hourly Wage and Additional Remuneration and/or (2) Defendant only pays its employees for their scheduled shifts rather than the actual amount of time they are on-the-clock working. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

46.     The identity of the putative § 216(b) Collective Class Members are known to Defendant or are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

47.     The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and § 216(b) Collective Class Members overtime wages. Thus, Defendant enjoyed substantial profits at the expense of the Named Plaintiff and § 216(b) Collective Class Members.

**B.  Fed. R. Civ. P. 23 Class Action for Unpaid Overtime Wages.**

48.     Named Plaintiff also brings his Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other similarly situated of the following class, consisting of:

> All current and former hourly, non-exempt employees of Defendant working in Ohio, whose payroll records reflect that they worked 40 hours in any workweek beginning two years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "Ohio Rule 23 Class", the "Rule 23 Class", or the "Ohio Rule 23 Class Members").

49.     During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members have been denied overtime compensation due to Defendant's company-wide payroll policies and/or practices of not fully and properly compensating its employees all overtime compensation because (1) it failed to pay them at the proper overtime rate during workweeks when they worked more than forty (40) hours per workweek and they earned their Base Hourly Wage and Additional Remuneration and/or (2) Defendant only pays its employees for their scheduled shifts rather than the actual amount of time they are on-the-clock working. The Named Plaintiff is representative of

those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

50.     The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

51.     Named Plaintiff is a member of the Ohio Rule 23 Class, whose claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

52.     Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

53.     Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that he has undertaken to represent.

54.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

55.     Questions of law and fact are common to the Ohio Rule 23 Class.

56.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

57.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2), as Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

58.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3), as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual

members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

59.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class Members their correct overtime rate for all hours worked in excess of forty hours per week as a result of Defendant's failure to properly calculate the Ohio Rule 23 Class Members' regular rates of pay when they received Additional Remuneration; (b) whether Defendant violated the Ohio Wage Act by failing to fully pay the Ohio Rule 23 Class Members for hours worked in excess of forty hours per week as a result of Defendant's unlawful Pay-to-Shift/Wage Theft Policy and/or practices described above; (c) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld overtime compensation is due to the Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (e) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation that was withheld or not paid to them.

60.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## IV.  CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

61.     All of the preceding paragraphs are realleged as if fully rewritten herein.

62.     This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the § 216(b) Collective Class Members.

63.     During the relevant time period preceding this Complaint, Defendant employed the Named Plaintiff and the § 216(b) Collective Class Members.

64.     Named Plaintiff and the § 216(b) Collective Class Members were paid on an hourly basis and they were employed in non-exempt positions during the relevant time period.

65.     Named Plaintiff and the § 216(b) Collective Class Members worked in excess of 40 hours in one or more workweeks during their employment.

66.     The FLSA requires that covered employees be compensated for every hour worked in a workweek.  *See* 29 U.S.C. § 206(b).

67.     The FLSA requires that non-exempt employees receive overtime compensation of their regular rates of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

68.     Plaintiff and the § 216(b) Collective Class Members were not exempt from receiving FLSA overtime compensation.

69.     Plaintiff and the § 216(b) Collective Class Members worked in excess of forty hours during one or more workweek(s) within the relevant time period described herein.

70.     Defendant violated the FLSA with respect to Plaintiff and the § 216(b) Class by, *inter alia*, (1) failing to compensate them at one-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in a workweek as outlined above and (2) failing to

compensate them for all hours worked over 40 in one or more workweeks because of its Pay-to-Shift/Wage Theft Policy.

71.     Named Plaintiff and the § 216(b) Collective Class Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years prior to the filing of this Complaint.

72.     Named Plaintiff and the § 216(b) Collective Class Members should have been paid for all overtime hours worked during the three years prior to the filing of this Complaint.

73.     Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the § 216(b) Collective Class Members are entitled.

74.     The exact total amount of overtime compensation that Defendant failed to pay the Named Plaintiff and the § 216(b) Collective Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in Defendant's possession.

75.     As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the §216(b) Collective Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the § 216(b) Collective Class Members.

## COUNT II
### (R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

76.     All of the preceding paragraphs are realleged as if fully rewritten herein.

77.     This claim is brought under Ohio law, which incorporates the FLSA without limitation.

78.     The Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio law.

79.     Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937."  *See* R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

80.     The Named Plaintiff and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03 but were not correctly paid their overtime rate for all hours worked over 40 in a workweek because Defendant failed to compensate them at one-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in a workweek as outlined above.

81.     The Named Plaintiff and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03 but were not fully paid for all overtime hours worked because of Defendant's Pay-to-Shift/Wage Theft Policy as described herein.

82.     Defendant's company-wide corporate policies and/or practices as outlined herein resulted in unpaid overtime wages for the Named Plaintiff and Ohio Rule 23 Class.

83.     Named Plaintiff and those similarly situated Ohioans were not exempt from the wage protections of Ohio law.

84.     The Named Plaintiff and the Ohio Rule 23 Class were not exempt from the wage protections of Ohio law.

85.     Defendant's repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. § 4111.03, and, as such, Defendant acted willfully.

86.     For Defendant's violations of R.C. § 4111.03, by which the Named Plaintiff and those similarly situated Ohioans have suffered and continue to suffer damages, the Named Plaintiff and those similarly situated Ohioans seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

<u>**COUNT III**</u>
**(R.C. § 4113.15 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT)**

87.     All of the preceding paragraphs are realleged as if fully rewritten herein.

88.     During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant.

89.     During relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

90.     The OPPA requires Defendant to pay Named Plaintiff and Ohio Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof and on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

91.     During relevant times, Named Plaintiff and the Ohio Rule 23 Class were not paid all wages for all hours worked, including overtime wages at one-and-one-half times their regular

rate of pay as described herein within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

92.     The Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

93.     The Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

94.     In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## V.  PRAYER FOR RELIEF

**WHEREFORE**, as to **Count I**, Named Plaintiff and other members of the § 216(b) Class pray for an Order against Defendant as follows:

A.     Certifying the proposed FLSA collective action;

B.     Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the § 216(b) Class apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C.     A declaratory judgment that Defendant's payroll policies or practices as outlined above violates the FLSA;

D.     An order for injunctive relief, ordering Defendant to end all of the illegal wage policies and practices alleged herein pursuant to the FLSA and attendant regulations and requiring Defendant to follow such laws going forward;

E.     Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the § 216(b) Class during the applicable statutory period under the FLSA and continuing through trial;

F.      Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

G.      Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

H.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I.      Judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

J.      Such other and further relief as to this Court may deem necessary, just, or proper.

**WHEREFORE**, as to **Counts II** and **III**, Named Plaintiff requests judgment against Defendant for violations of the Ohio Acts and for an Order as follows:

K.      A declaratory judgment that Defendant's wage and hour policies and practices as alleged herein violate the Ohio Wage Act with respect to the non-payment of certain overtime compensation and violations of the OPPA;

L.      An order for injunctive relief ordering Defendant to end all of the illegal wage policies and practices alleged herein pursuant to the Ohio Wage Act and the OPPA and requiring Defendant to follow such laws going forward;

M.      An Order certifying the proposed Ohio Rule 23 Class under the Ohio Wage Act and the OPPA;

N.        Awarding to the Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law;

O.        Awarding Named Plaintiff and the Ohio Rule 23 Class Members costs, disbursements, and reasonable allowances for fees of counsel and experts and also reimbursement of expenses;

P.        Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period or $200 for each pay period, whichever is higher; and

Q.        Awarding Named Plaintiff and the Ohio Rule 23 Class Members such other and further relief as the Court deems necessary, just, or proper.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Named Plaintiff and those similarly situated*

## **JURY DEMAND**

Plaintiff requests a trial by a jury of twelve (12) persons.

/s/ Matthew J.P. Coffman
Matthew J.P. Coffman